**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CHICAGO & VICINITY LABORERS'** ) <br> **DISTRICT COUNCIL PENSION FUND,** ) <br> **CHICAGO & VICINITY LABORERS'** ) <br> **DISTRICT COUNCIL WELFARE FUND,** ) <br> **CHICAGO & VICINITY LABORERS'** ) <br> **DISTRICT COUNCIL RETIREE HEALTH** ) <br> **AND WELFARE FUND, and CATHERINE** ) <br> **WENSKUS, not individually, but as** ) <br> **Administrator of the Funds,** ) <br> ) <br>                    **Plaintiffs,** ) <br>    **v.** ) <br> ) <br> **DESIGN BY THREE CONSTRUCTION, INC.,** ) <br> **an Illinois corporation,** ) <br>                    **Defendant.** ) | **Case No. 22 C 6929** <br><br> **Judge Andrea R. Wood** <br><br> **Magistrate Judge Gilbert** |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
DAMAGES IN SUM CERTAIN PURSUANT TO RULE 55(b)**

Now come Plaintiffs, Chicago & Vicinity Laborers' District Council Pension, Welfare and Retiree Health and Welfare Funds and Catherine Wenskus, (collectively referred to herein as the "Funds"), by and through their attorney, Sara S. Schumann, and hereby move for entry of judgment damages in sum certain against Defendant Design By Three Construction, Inc., ("Company") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). In support of this Motion, Plaintiffs state:

    1.    On December 9, 2022, Plaintiffs filed their Complaint, seeking to compel Company to submit and pay amounts owed per Company's own submitted but as yet unpaid benefit contributions and dues reports, covering August 2022 forward, and further sought Company to pay amounts found owed per the audit of Company, covering the period of June 7, 2021 through February 28, 2022, plus liquidated damages (assessed on

all unpaid amounts still owed), accumulated liquidated damages (assessed on prior untimely payments made), accumulated interest, audit costs, and Funds' attorneys' fees and costs accrued in its efforts to collect such amounts.

2. On January 6, 2023, service of Summons and Complaint was effectuated. A true and accurate copy of the Affidavit of Service is attached hereto as Exhibit A. Company failed to answer or otherwise plead and is unrepresented in this action to date.

3. On September 25, 2023, Plaintiffs filed its motion for an order for entry of default, as Defendant failed to defend this action. The Court has yet to rule on this motion, nor was it set for hearing, and that motion remains pending at this time. Defendant received copies of that motion per the Certificate (See Docket No. 21), and the undersigned has been in regular communication via email and phone with Company's owner, regarding the Funds moving for this default judgment.

4. Company and the Construction and General Laborers' District Council of Chicago & Vicinity ("Union") are parties to an Independent Construction Industry Collective Bargaining Agreement ("Memorandum"), which was also attached to Plaintiffs' Complaint, and is attached hereto as Exhibit B-1. The Memorandum incorporates and adopts the Joint Agreements between the Union and various employer associations (Exh. B-1 at ¶2). The Joint Agreements at all times relevant govern the terms and conditions of employment of Company's employees in the bargaining unit represented by the Union. A copy of one of the Joint Agreements ("CAICA") is attached as Exhibit B-2.

5. Pursuant to Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132

(e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and the Agreements and Declarations of Trust, the Funds are entitled to judgment damages in sum certain against Defendant, pursuant to its obligations, arising from the Joint Agreements and the Memorandum (collectively referred to as the "Agreement" or "CBA"), as well as from the also incorporated respective Funds' Agreements and Declarations of Trust, which are attached hereto with the Affidavit of Funds' Field Department Representative Rocco Marcello (See Exh. B Marcello Affidavit, Exh.B-1 Memorandum, Exh.B-2 CAICA, Exh.B-3 Pension Fund, Exh.B-4 Welfare Fund, Exh.B-5 Retiree Welfare Fund, Exh.B-6 Training Fund, Exh.B-7 LECET, and Exh.B-8 LDCLMCC).

  6. As explained by Mr. Marcello, the Agreement and the Funds' respective Agreements and Declarations of Trust to which Company is bound require it to submit benefit reports and contribution payments by the tenth day of the following month. Payments not received within thirty (30) days of this date are assessed LD in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Retiree Welfare, Pension and Training funds, and in the amount of ten (10) percent of the unpaid or late contributions to the LDCLMCC, CAICA and LECET funds (referred to as "Industry Funds"), and for Union dues, plus interest on all such amounts at the rate of twelve (12) percent from the date of the delinquency forward (See Exh. B, ¶¶ 2-4 Marcello Affidavit, and Exhs. B1-9).

  7. The Agreement and the Funds' respective Agreements and Declarations of Trust further obligate Company to submit its books and records to the Funds for periodic

3

audits to determine benefit contribution compliance, and when there are findings or litigation is necessary to gain compliance with the auditing process the company is obligated to pay the audit costs, as well as obligated to obtain and maintain a bond (See, Exh. B, Marcello Affidavit at ¶¶5-6 and 8).

8. Additionally, per agreement the Funds have been duly authorized to act as collection agents on behalf of the Union for the collection of union dues owed (See, Exh. B, Marcello Affidavit at ¶3).

9. In March 2022, Funds selected the independent auditing firm of Richard J. Wolf and Company, Inc., to audit the Company for compliance with the CBA and Trust Agreements, covering the period from June 7, 2021 through February 28, 2022 ("Wolf Audit"). Plaintiffs sent copies of the initial Wolf Audit report to the Defendant, with a deadline to raise any objections or to pay the amounts owed. Company did raise some objections, and based on Company's evidence the Wolf Audit was revised and reissued on July 19, 2023. A redacted copy of the revised Wolf Audit and Summary Report is attached hereto as Exhibit B-9. The revised Wolf Audit reflects the amount of $31,566.18 in unpaid principal contributions and dues owed to Funds for the audit period, covering June 7, 2021 through February 28, 2022, and the total amount owed for that period per the Wolf Audit Summary Report is $81,023.63 (See Exh. B-9 Wolf Audit and Summary).

10. As established by Mr. Marcello, Funds are entitled to judgment damages against Company per the revised Wolf Audit in the total amount of $81,023.63, consisting of the following amounts:

- $ 31,566.18 Principal contributions and dues
- $ 6,123.39 Liquidated damages ("LD") per Wolf Audit

- $ 21,984.16    Accumulated LD on benefits and dues untimely paid
- $   6,564.90    Accumulated interest
- $ 13,830.00    Attorneys' fees and costs
- $     955.00    Wolf Audit cost

    **$ 81,023.63**    Amount owed to Funds per the Wolf Audit

(Exh.B Marcello Affidavit ¶¶2-6; Exh. B-9 Wolf Audit and Summary).

11. Plaintiffs are also entitled to its attorneys' fees and costs under ERISA, 29 U.S.C. § 1132(g)(2)(B), as well as per the Agreement. As established by the undersigned, Funds incurred $13,830.00 in attorneys' fees and costs in this action (See, Exh. C, Schumann Affidavit, Exh. C1 Fee Report, Exh. B, Marcello Affidavit at ¶7).

12 Additionally, Company has failed to pay its $12,000 balance of its November 2022 report that is outside of the Wolf Audit period. This amount is entitled to a $2,400 LD assessment at the twenty (20) percent rate. Thus, Plaintiffs are entitled to the additional amount of $14,400.00 at this time for the balance of Company's November 2022 report and the LD assessed on that report (See Exh. B Marcello Affidavit at ¶6, and see true and accurate copies of the Company's November 2022 Report and Statement of Account on Liquidated Damages attached as Exh. B-10).

13. Pursuant to the Agreement, Defendant must also obtain and maintain a bond (See Exh. B, Marcello Affidavit at ¶8).

14. Pursuant to Rule 55(b) of the Fed. R. of Civil P, Plaintiffs respectfully move the Court to enter an award for judgment damages in the total amount of **$95,423.63** in favor of the Funds and against Defendant, Design By Three Construction, Inc., and request the Court set this motion and the pending motion for entry of default for hearing.

15. Plaintiffs will provide, as stated in the Certificate of Service below, a copy of this motion and the proposed draft order, as well as notify Defendant of the date the Court subsequently sets this motion for hearing.

WHEREFORE Plaintiffs respectfully request this Court enter an order for judgment damages in sum certain in favor of Plaintiffs and pursuant to Rule 55(b) of the Fed R. Civ. P., awarding the total amount of $95,423.63, against Defendant Design By Three Construction, Inc.

          Respectfully submitted,

          LABORERS' PENSION AND WELFARE FUNDS,

August 14, 2024       By:  /s/ Sara S. Schumann
           *Associate Fund Counsel*

Sara S. Schumann
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
W: (312) 692-1497
C: (773) 255-9878
SaraS@chilpwf.com

## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that she caused a copy of the foregoing Motion for Entry of Judgment Damages In Sum Certain and the proposed Judgment Order to be served upon the following individual and entity on the 14th day of August 2024, via email and on the 15th day of August 2024 via certified mail.

        Tiffany Wilson
        President
        Design By Three Construction, Inc.
        7041 Willow Springs Rd., Suite 2
        Countryside, IL 60525
        t.wilson@dbtconstruction.com

            /s/Sara S. Schumann